Slip Op. 15-106

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNATIONAL TRADING SERVICES, LLC AND JULIO LORZA,<br><br>    Defendants. | Before: Mark A. Barnett, Judge<br><br>Court No. 12-00135 |

OPINION AND ORDER

[The court denies Defense Counsel's Motion to Withdraw as Counsel for Defendant International Trading Services, LLC.]

Dated: September 23, 2015

*Joshua Ethan Kurland*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington D.C., for plaintiff. With him on the brief were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Patricia M. McCarthy*, Assistant Director.

*Peter Stanwood Herrick*, Peter S. Herrick, P.A. of St. Petersburg, FL, for defendant.

      Barnett, Judge:  Pending before this court is counsel's motion to withdraw as attorney of record for Defendant International Trading Services, LLC ("Withdrawal Motion"), pursuant to Rule 75(d) of the Rules of the Court of International Trade ("CIT"). Mot. to Withdraw as Counsel for Def. Int'l Trading Servs., LLC ("Withdrawal Mot."), ECF No. 24.  Plaintiff timely filed a response opposing the Withdrawal Motion ("Plaintiff's Response").  Pl.'s Resp. to Defense Counsel's Mot. to Withdraw ("Pl.'s Resp."), ECF No. 26.  For the reasons discussed below, the court denies the Withdrawal Motion.

## BACKGROUND AND ARGUMENTS

The current action was filed by Plaintiff United States ("Plaintiff" or "United States") against two defendants, International Trading Services, LLC ("ITS") and Mr. Julio Lorza (Managing Member and President/CEO of ITS, prior to its dissolution). *See* Compl. ¶ 4, ECF No. 2. This case commenced on May 17, 2012 when Plaintiff filed its Complaint in this court. *See*, *generally*, Compl. Defendants Mr. Lorza and ITS filed their Answer through counsel, Mr. Peter S. Herrick ("Defense Counsel") on September 11, 2012. *See*, *generally*, Answer, ECF No. 4. On August 10, 2015, Mr. Herrick filed his Withdrawal Motion as attorney of record for Defendant ITS, citing the non-existence of the corporation as his basis for seeking withdrawal. Withdrawal Mot. ¶¶ 4-5. Mr. Herrick does not seek to withdraw as counsel for Defendant Julio Lorza. Plaintiff filed a response to the Withdrawal Motion on August 21, 2015. *See, generally,* Pl.'s Resp.

ITS is a Florida corporation that was administratively dissolved by the Florida Department of State in December 2009. Compl. ¶ 3. Defendants admitted to this fact in their Answer. Answer ¶ 3. Defendant Julio Lorza retained the services of Mr. Herrick to represent Mr. Lorza as an individual and to represent ITS, the already defunct company. Withdrawal Mot. ¶ 3. Mr. Herrick now seeks to withdraw for the reason that Defendant ITS no longer exists as a corporation and, as such, "there is no entity to represent." *Id*. ¶ 5. Stating that "government counsel admitted that International Trading Services, LLC had ceased to exist long before the commencement of this litigation," counsel notes that ITS "has not only ceased to exist, it has not been

resurrected." *Id*. ¶¶ 2, 4. As such, Mr. Herrick argues that withdrawal can be affected "without material adverse effect on the interests of the government." *Id*. ¶ 8.

Plaintiff opposes the Withdrawal Motion, arguing that Mr. Herrick has not shown good cause for withdrawal as "there has been no change in circumstances that would make defense counsel's withdrawal—essentially rendering ITS unable to proceed with litigation—appropriate." Pl.'s Resp. at 1. Plaintiff notes that ITS is amenable to suit even as a dissolved corporation, and as a corporation it cannot participate in this action except through counsel. Pl.'s Resp. at 3. As such, Plaintiff argues that the Withdrawal Motion does not meet the burden of showing either that withdrawal can be accomplished without material adverse effect on the interests of ITS or that other good cause exists to support withdrawal.

## LEGAL STANDARD

Pursuant to CIT Rule 75(d), "the appearance of an attorney of record may be withdrawn only by order of the court." USCIT R. 75(d). Further, under Rule 4-1.16(b) of the Rules Regulating the Florida Bar, an attorney's request to withdraw may be granted upon showing, in relevant part, that such "withdrawal can be accomplished without material adverse effect on the interests of the client" or for "other good cause." FLA. ST. BAR R. 4-1.16(b). The "attorney seeking to withdraw has the burden of establishing one of these legitimate bases for withdrawal." *In re Davis*, 258 B.R. 510, 513 (Bankr. M.D. Fla. 2001) (internal citations omitted). In *In re Davis,* the court explains that the rules require an attorney to seek leave of court to withdraw in order to ensure "that the client is protected and not abandoned in the matter" and so that the withdrawal does not have

Court No. 12-00135                                                                                                          Page 4

an adverse effect on the "orderly administration of the court" and its calendar. *In re Davis*, 258 B.R. at 513.

Under CIT Rule 75(b)(1), a corporation may only appear before the court through an attorney authorized to practice before the court. USCIT R. 75(b)(1)); *see Lady Kelly, Inc. v. U.S. Sec'y of Agric.*, 30 CIT 82, 83, 414 F. Supp. 2d 1298, 1299 (2006) ("The rule is well established that a corporation *must always* appear through counsel."). Thus, when the party being represented by the attorney seeking to withdraw is a corporation, there is a further interest in ensuring the party's ability to continue with the proceedings. *See Highway 46 Holdings, LLC v. Quantified Mktg. Group, LLC*, No. 608-CV-674-ORL-28DAB, 2008 WL 4820070, at *1 (M.D. Fla. Nov. 3, 2008) (Mag. J.). Granting withdrawal in such cases can effectively "[render] Defendant voiceless" in the proceeding, and if this is not "timely remedied" may result in "default for the corporation." *Highway Holdings,* 2008 WL 4820070, at *1-2. As such, "the consequences of withdrawal are severe," and absent "compelling ethical reasons prohibiting representation," the court is within its discretion to deny the motion. *Id.*

Finally, under Florida law, a "dissolved corporation continues its corporate existence" and dissolution "does not . . . [p]revent commencement of a proceeding by or against the corporation in its corporate name." FLA. STAT. § 607.1405(1) and (2)(e).

## DISCUSSION

As the moving party, Defense Counsel has the burden to show that withdrawal can be accomplished without material adverse effect on the interests of his client ITS. *See Sands v, Moron,* 339 So. 2d 307, 307 (Fla. 3rd DCA 1976); *see also* FLA. ST. BAR

R. 4-1.16(b). This burden has not been met. Mr. Herrick simply states that "withdrawal can be accomplished without material adverse effects on the interests of the government" and does not address the adverse effects on the interests of his own client, ITS. Withdrawal Mot. ¶ 8. Mr. Herrick claims that because ITS has been dissolved, there is no entity to represent. *Id.* ¶ 5. However, under Florida law, even though ITS has ceased operations as a corporation, it remains amenable to suit. At this time, ITS continues to be part of the ongoing proceedings before this court, and as a corporate entity, ITS can *only* appear before this court through counsel. USCIT R. 75(b)(1). Mr. Herrick's motion does not identify substitute counsel or otherwise show how ITS will continue in the present proceeding if his motion is granted. Thus, allowing Mr. Herrick to withdraw as counsel for ITS will preclude this defendant from further appearances before the court, at least until substitute counsel can be identified, causing material adverse effects to interests of ITC and the orderly administration of this proceeding, which commenced more than three years ago, before the court.

Defense Counsel also failed to demonstrate other "good cause" in support of his motion. *See* FLA. ST. BAR R. 4-1.16(b). Mr. Herrick points to the non-continuing nature of ITS as his only reason for withdrawing representation. Withdrawal Mot. ¶¶ 4-5. However, it is clear from the present proceedings that Mr. Herrick agreed to represent, and entered an appearance on behalf of, ITS well after the administrative dissolution of the corporation. *Id.* ¶ 3. As such, he did so with knowledge of the corporation's non-continuing status and now has a responsibility to see the defendant corporation through the proceedings, or at least until substitute counsel is identified. Mr. Herrick does not

Court No. 12-00135                                                                                      Page 6

raise any other arguments supporting his motion to withdraw and therefore has not met his burden in showing there is good cause allowing him to withdraw as counsel.

## CONCLUSION AND ORDER

Defense Counsel has not met the burden for showing that his Withdrawal Motion can be granted without adverse material effects on Defendant ITS and has not shown any other good cause in support of his request for withdrawal.  Upon consideration of Mr. Herrick's Motion to Withdraw as Counsel for Defendant International Trading Services, LLC (ECF No. 24) and the response thereto (ECF No. 26), and upon due deliberation, it is hereby

**ORDERED** that Defense Counsel's Motion to Withdraw as Counsel for Defendant International Trading Services, LLC is **DENIED**.

Parties are advised that the Scheduling Order, as amended (ECF No. 19, 21, and 23), and all dates established therein, remain in effect.

/s/     Mark A. Barnett     
Mark A. Barnett, Judge

Dated: September 23, 2015  
New York, New York