Slip Op. 16-112

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| UNITED STATES, | |
|      Plaintiff, | |
| v. | Before: Mark A. Barnett, Judge |
| INTERNATIONAL TRADING SERVICES, LLC AND JULIO LORZA, | Court No. 12-00135 |
|      Defendants. | |

OPINION AND ORDER

[The Court denies Defendant's motion to dismiss pursuant to USCIT Rules 12(b)(1) and 12(b)(6).]

Dated: December 2, 2016

*Mollie L. Finnan*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington D.C., for plaintiff.  With her on the brief were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Patricia M. McCarthy*, Assistant Director.

*Peter S. Herrick*, Peter S. Herrick, P.A. of St. Petersburg, FL, for defendant.

Barnett, Judge:  The United States of America ("United States" or "Plaintiff")

brings this enforcement action against International Trading Services, LLC ("ITS") and

Julio Lorza ("Lorza" or "Defendant") (together, "Defendants") to recover unpaid duties

and penalties pursuant to 19 U.S.C. § 1592 (2012),[1] or, alternatively, unpaid duties and

mandatory accrued interest pursuant to 19 U.S.C. § 1505.  *See generally* Compl., ECF

---

[1] All references to the United States Code are to the 2012 edition, unless otherwise stated.

No. 2.  Lorza moves to dismiss the complaint as to himself for lack of subject matter

jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(5) of the

Rules of the United States Court of International Trade ("USCIT").[2]  Def. Julio Lorza's

Mot. to Dismiss Pursuant to USCIT Rules 12(b)(1) and 12(b)(6), ECF No. 46, and Def.

Julio Lorza's Mem. and P. & A. in Supp. of its Mot. to Dismiss ("Def.'s Mot."), ECF No

46-1. Plaintiff timely opposed the motion.  Pl.'s Resp. in Opp'n to Def. Lorza's Mot. to

Dismiss, ("Pl.'s Resp."), ECF No. 49.  For the following reasons, the Court denies the

motion.

BACKGROUND

Lorza was the Managing Member and President/Chief Executive Officer ("CEO")

of ITS before its December 2009 dissolution by the Florida Department of State for

failure to file an annual report.  Compl. ¶¶ 3-4; Ans. ¶ 2, ECF No. 4.  From May 18, 2007

to June 25, 2007, Defendants allegedly "attempted to enter or introduce, or caused to

be entered or introduced," falsely classified commercial shipments of sugar into the

---

[2] Defendant moves for dismissal pursuant to USCIT Rules 12(b)(1) and 12(b)(5).  Def.'s
Mot. at 1.  USCIT Rule 12(b)(1) governs motions to dismiss for lack of subject matter
jurisdiction; USCIT Rule 12(b)(5) governs motions to dismiss for insufficient service of
process.  See USCIT R. 12(b)(1),(5).  On July 1, 2015, USCIT Rules 12(b)(3)-(6) were
designated as USCIT Rules 12(b)(4)-(7) to correspond with the Federal Rules of Civil
Procedure.  See USCIT R. 12 Practice Comment.  Thus, USCIT Rule 12 (b)(5) became
USCIT Rule 12(b)(6).  See id.  Because Defendant's Rule 12(b)(5) argument implicates
the sufficiency of Plaintiff's factual allegations, see Def.'s Mot. at 3, 5-6, the Court
construes the argument as one made pursuant to current USCIT Rule 12(b)(6), and will
refer to the current numbering hereafter.

United States.  Compl. ¶¶ 5-20.[3]  Lorza "was personally involved in introducing the

[misclassified sugar] into commerce."  Pl.'s Ex. B, Pl.'s First Set of Reqs. for Admis.

("Pl.'s RFA") ¶ 19, ECF No. 49-2; *see also* Pl.'s Ex. B, Def.'s Resp. to Pl.'s First. Req.

for Admis. ("Def.'s Admis.") ¶ A (admitting to paragraphs 1-6, 8-9, 13-14, 19, 24-25, 31,

33-37), ECF No. 49-2.[4]  In August 2007, Lorza contacted United States Customs and

Border Protection ("Customs" or "CBP") about a "notice of action" he had received about

misclassified merchandise.  Def.'s Ex. D at CBP000131 (Aug. 10, 2007 email to Eric T.

Buchanan), CBP000140 (email signature line stating that Mr. Buchanan was a CBP

Supervisory Import Specialist).  In the email, Lorza asked "what steps [he] should take

[because his] company is not at fault here."  Def.'s Ex. D at CBP000131 (further stating

that his customs broker had advised him on classifying the merchandise).

      In October 2009, Customs served a pre-penalty notice on ITS, the importer of

record, regarding the misclassified entries.  *See* Pl.'s Ex. A at CBP000174-180, ECF

---

[3] According to Plaintiff, Defendants misclassified eight entries of sugar under
Harmonized Tariff Schedule ("HTSUS") 1701.99.0500, instead of HTSUS 9904.17.15
and HTSUS 1701.99.5090.  Compl., ¶¶ 5-20.

[4] On March 21, 2016, the Court granted Plaintiff's Motion to Deem Requests For
Admission Admitted.  *See* Order (Mar. 21, 2016), ECF No. 34.  Thereafter, Defendant
moved to oppose Plaintiff's Motion to Deem Requests for Admissions Admitted, Out-of-
Time.  Def., Julio Lorza, Moves to Oppose Pl.'s Mot. to Deem Req.'s for Admis.
Admitted, Out of Time, ECF No. 35.  The Court stated that it will treat Defendant's
motion as a Motion to Withdraw and Substitute Admissions ("Mot. to Withdraw") and
defer ruling on the motion pending consideration of Plaintiff's expected partial motion for
summary judgment.  *See* Order (May 18, 2016), ECF No. 41.  The admissions cited in
this opinion are those that Defendant wishes to substitute for the deemed admissions.
*Compare* Def.'s Admis., *with* Mot. to Withdraw, Attach. A.  The Court is citing those
admissions solely for the purpose of resolving Defendant's Motion to Dismiss and
without prejudice to the Motion to Withdraw still pending before the court.

No. 49-1; Pl.'s RFA ¶ 25; *see also* Def.'s Admis. ¶ A.  In February 2010, Customs

served the pre-penalty notice on Lorza.  *See* Pl.'s Ex. A at CBP000194-199.  The pre-

penalty notice was addressed to ITS but mailed to Lorza's residence.  *See id.* at

CBP000194, CBP000199; Pl.'s RFA ¶ 2; *see also* Def.'s Admis. ¶ A.  The pre-penalty

notice was signed for by "M. Lopez," with whom Lorza was related or acquainted.  Pl.'s

Ex. A at CBP000199; Pl.'s RFA ¶ 5; Def.'s Admis. ¶ A.

      Customs first issued a penalty notice in May 2010; in February 2011, Customs

reissued and served the penalty notice, which named ITS only, on ITS through its

registered agent, and on Lorza individually.  *See* Pl.'s Ex. A at CBP000141-143 (May

18, 2010 cover letter and penalty notice); *id.* at CBP000145, CBP000158 (penalty

statement for violation of 19 U.S.C. § 1592)  ("Penalty Statement"); *id.* at CBP000154-

157 (Feb. 2011 cover letter and penalty notice) ("Feb. 2011 Penalty Notice"); *id.* at

CBP000161-165 (delivery of the Feb. 2011 Penalty Notice and Penalty Statement to

ITS and Lorza); *see also* Pl.'s RFA ¶ 3; Def.'s Admis. ¶ A (Defendant's admission that

he maintained an address where CBP had sent the Feb. 2011 Penalty Notice).

      In April 2011, Customs sent a demand for payment ("Apr. 2011 Payment

Demand") to Defendants.  *See* Pl.'s Ex. A  at CBP000202-208; *see also* Pl.'s RFA ¶ 4;

Def.'s Admis. ¶ A (Lorza's admission that, in April 2011, he maintained an address

where CBP had sent the Apr. 2011 Payment Demand).  The Apr. 2011 Payment

Demand was sent to ITS in care of Lorza.  Pl.'s Ex. A at CBP000202.

      That month, Lorza contacted CBP about the misclassified entries.  *See* Pl.'s RFA

¶ 31; Def.'s Admis. ¶ A.  On April 25, 2011, Lorza telephoned CBP explaining that his

mother-in-law told him he had received a bill from CBP.  Pl.'s Ex. C at 2, ECF No. 49-3.

Lorza confirmed his current address and asked for the CBP officer's email address.  *Id.*[5]

Also on April 25, 2011, Lorza emailed CBP asking for information about his case.  *Id.* at

4.  On April 26, 2011, CBP emailed Lorza the Feb. 2011 Penalty Notice and Apr. 2011

Payment Demand.  *Id.* at 5-6.  Lorza responded to that email, stating that he was

"looking at [the documents] from [his] phone" and could see that they concerned "some

incorrect entries" from when "we were importing sugar."  *Id.* at 7.  Lorza promised to

"print the file and review [it] in detail."  *Id.*; *see also* Pl.'s RFA ¶ 33; Def.'s Admis. ¶ A

(Lorza's admission that he received the Feb. 2011 Penalty Notice by email).

    In March 2012, Lorza received the Feb. 2011 Penalty Notice sent to him via

JOMA Trading & Sales, LLC, at 14994 SW 21st Street, Miramar, Florida 33027.  *See*

Pl.'s Ex. A at CBP000225, CBP000230-231; Pl.'s RFA ¶¶ 34-36; Def.'s Admis. ¶ A.  The

cover letter appended to the notice stated that Lorza and ITS were jointly and severally

liable for the penalty.  *See* Pl.'s Ex. A at CBP000225.

    The United States filed this lawsuit on May 17, 2012.  *See generally*, Summons,

ECF No. 1; Compl.  Lorza answered the complaint on September 11, 2012.  Ans., ECF

No. 4.  On July 18, 2016, Lorza moved to dismiss the complaint for lack of subject

matter jurisdiction and failure to state a claim.  Def.'s Mot.  Lorza argues that the court

---

[5] According to the written record of the telephone call, Lorza stated that his current address was 6330 NW 188th Main Street, Miami, Florida 33015, and that he had not received anything from CBP.  Pl.'s Ex. C at 2.  However, Lorza also admitted that he maintained an address at 6330 NW 188th Lane, Miami, Florida 33015, which is where CBP had sent the Feb. 2011 Penalty Notice and the Apr. 2011 Payment Demand.  Pl.'s RFA ¶¶ 3-4; Def's Admis. ¶ A.

lacks subject matter jurisdiction because CBP failed to name him on the pre-penalty and

penalty notices, and thereby failed to exhaust administrative remedies. *Id.* at 1, 3-5.

Lorza further argues that CBP's failure to name him on the pre-penalty and penalty

notices deprived him of due process, and Plaintiff has insufficiently alleged perfection of

the administrative claim. *Id.* at 5-6.  On August 22, 2016, the United States opposed the

motion.  Pl.'s Resp.  Plaintiff argues that Defendant's challenges are untimely,

improperly characterized, and lack merit. *See generally id.*

STANDARD OF REVIEW

I.       Subject Matter Jurisdiction

To adjudicate a case, a court must have subject-matter jurisdiction over the

claims presented. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95

(1998).  "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the

court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500,

514 (2006).

A plaintiff bears the burden of establishing subject-matter jurisdiction. *See Norsk*

*Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006).  When

reviewing a motion to dismiss for lack of subject matter jurisdiction, the court proceeds

according to whether the motion "challenges the sufficiency of the pleadings or

controverts the factual allegations made in the pleadings." *H & H Wholesale Servs.,*

*Inc. v. United States,* 30 CIT 689, 691, 437 F. Supp. 2d 1335, 1339 (2006).  When the

motion challenges the sufficiency of the pleadings, the court assumes that the

allegations within the complaint are true. *Id.*  When, as here, "the motion controverts

factual allegations supporting the [c]omplaint, 'the allegations in the complaint are not controlling,' and 'are subject to fact-finding by the [trial] court.'"  *Id.* at 692, 437 F. Supp. 2d at 1339 (quoting *Cedars–Sinai Medical Ctr. v. Watkins*, 11 F.3d 1573, 1583–84 (Fed. Cir. 1993)) (alterations added).  *Cf. Power-One Inc. v. United States*, 23 C.I.T. 959, 962, 83 F.Supp.2d 1300, 1303 n.9 (1999) (assertion of failure to exhaust administrative remedies in a suit filed pursuant to 28 U.S.C. § 1581(a) represented a "challenge[] [to] the actual existence of subject matter jurisdiction"; thus, "the allegations in Plaintiffs' Complaint are not controlling, and only uncontroverted factual allegations are accepted as true").[6]

  II.   Failure to State a Claim

  When reviewing a motion to dismiss for failure to state a claim, "any factual allegations in the complaint are assumed to be true and all inferences are drawn in favor of the plaintiff."  *Amoco Oil Co. v. United States*, 234 F.3d 1374, 1376 (Fed. Cir. 2000); *see generally* USCIT R. 12(b)(6).  A court may properly dismiss a case under Rule 12(b)(6) only if the plaintiff's allegations of fact are not "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations omitted).  At the same time, a complaint's "[t]hreadbare

---

[6] Defendant appears to contest Plaintiff's factual allegation regarding exhaustion as a precondition to subject matter jurisdiction.  *See* Def.'s Mot. at 3 (asserting that "CBP failed to satisfy [] administrative procedural requirements"); *see also* Compl. ¶ 27 ("The United States has issued penalty notices and duty demands to defendants regarding the entries described [in the preceding paragraphs].").

recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[O]nly a complaint that

states a plausible claim for relief survives a motion to dismiss."  *Id*. at 679.

DISCUSSION

I.      Parties' Contentions

Defendant moves to dismiss for lack of subject matter jurisdiction and failure to

state a claim.  Def.'s Mot. at 1.  Defendant contends that "CBP failed to satisfy []

administrative procedural requirements" because it never issued him a pre-penalty or

penalty notice.  *Id*. at 3-4.  According to Defendant, CBP's failure to perfect its claim

against him during the administrative proceedings amounts to a failure to exhaust

administrative remedies that deprives this court of subject matter jurisdiction, and

deprived him of due process.  *Id*. at 1, 4-5.  Defendant further contends that Plaintiff's

failure to allege that CBP perfected its claim merits dismissal for failure to state a claim.

*Id.* at 5-6.

Plaintiff contends that Defendant's challenges to jurisdiction and the sufficiency

of the complaint are untimely.  Pl.'s Resp.at 1, 5-6, 14.  Plaintiff further contends that

Defendant's "lack of [subject matter] jurisdiction argument is properly characterized as a

challenge to personal jurisdiction pursuant to USCIT Rule 12(b)(2)."  *Id*. at 4-5 (citing

*United States v. Priority Products*, 793 F.2d 296, 300 (Fed. Cir. 1986)).  On the merits,

Plaintiff argues that (1) personal jurisdiction is not conditioned on CBP naming the

Defendant in his individual capacity during the administrative proceedings, (2)

Defendant was afforded due process because he had notice of the administrative

proceedings and an opportunity to participate therein, (3) the court should waive

exhaustion requirements because any failure to exhaust administrative remedies

amounts to harmless error when, as here, Defendant had notice and an opportunity to

be heard, and (4) Defendant's personal liability and administrative exhaustion is

adequately alleged.  *See generally id.* at 6-16.

    II.    Analysis

        A.  Jurisdiction[7]

Defendant asserts, and Plaintiff disputes, that the court's subject matter

jurisdiction hinges on administrative exhaustion.  Plaintiff is correct.

The court has exclusive jurisdiction over actions by the United States to recover

civil penalties pursuant to 19 U.S.C. § 1592.  28 U.S.C. § 1582(1).  However, "the Court

of International Trade shall, where appropriate, require the exhaustion of administrative

remedies."  28 U.S.C. § 2637(d).  Exhaustion of administrative remedies is a doctrine

that holds "that no one is entitled to judicial relief for a supposed or threatened injury

until the prescribed administrative remedy has been exhausted."  *Consol. Bearings Co.

v. United States*, 348 F.3d 997, 1003 (Fed. Cir. 2003) (internal quotation marks and

citation omitted).

---

[7] "Subject matter jurisdiction is a threshold inquiry," without which the Court may not
reach the merits of Defendant's arguments for dismissal for failure to state a claim.  *See
United States v. Robert E. Landweer & Co.*, 36 CIT ____,____, 816 F. Supp. 2d 1364,
1367 (2012) ("*Landweer*") (citing *Steel Co.*, 523 U.S. at 94–95).  Accordingly, the Court
first addresses Defendant's jurisdictional arguments.

     Section 1592(b) states the procedures by which the United States must exhaust

administrative remedies; to wit, "Customs must perfect its penalty claim in the

administrative process . . . by issuing a pre-penalty notice and a notice of penalty."

*United States v. Jean Roberts of CA, Inc.*, 30 CIT 2027, 2030 (2006) (citing 19 U.S.C. §

1592(b)(1)-(2)).  The pre-penalty notice must include certain information.  § 1592(b)(1).[8]

After considering representations made by the person to whom it was issued and upon

finding a violation, Customs must issue "a written penalty claim" to that person.  §

1592(b)(2).  "Such person shall have a reasonable opportunity under section 1618[9] of

this title to make representations, both oral and written, seeking remission or mitigation

of the monetary penalty."  *Id*.  At the end of the proceeding, Customs must issue "a

written statement which sets forth the final determination and the findings of fact and

conclusions of law on which such determination is based."  *Id*.

---

[8] Pursuant to § 1592(b)(1)(A), the pre-penalty notice must:
     (i) describe the merchandise; (ii) set forth the details of the entry or
     introduction, the attempted entry or introduction, or the aiding or procuring
     of the entry or introduction; (iii) specify all laws and regulations allegedly
     violated; (iv) disclose all the material facts which establish the alleged
     violation; (v) state whether the alleged violation occurred as a result of
     fraud, gross negligence, or negligence; (vi) state the estimated loss of
     lawful duties, taxes, and fees, if any, and, taking into account all
     circumstances, the amount of the proposed monetary penalty; and (vii)
     inform such person that he shall have a reasonable opportunity to make
     representations, both oral and written, as to why a claim for a monetary
     penalty should not be issued in the amount stated.
19 U.S.C. § 1592(b)(1).
[9] Section 1618 provides for the remission or mitigation of incurred penalties.  19 U.S.C.
§ 1618.

It is well settled, however, that this court's subject matter jurisdiction is not

conditioned on administrative exhaustion generally, or strict compliance with § 1592(b)

exhaustion requirements specifically.  *See Priority Products*, 793 F.2d at 299-300

("Exhaustion of administrative remedies is not strictly speaking a jurisdictional

requirement . . . ."); *United States v. Nitek Electronics, Inc.*, 36 CIT ____,____, 844 F.

Supp. 2d 1298, 1302–04 (2012) ("[Section] 1592(b) exhaustion is nonjurisdictional.")

(citing, *inter alia*, *United States v. Rotek, Inc.*, 22 CIT 503, 508-09 (1998)).  "[S]ubject-

matter jurisdiction, because it involves a court's power to hear a case, can never be

forfeited or waived."  *Nitek*, 36 CIT at ____, 844 F. Supp. 2d at 1304 (quoting *Arbaugh

v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).  In contrast, administrative exhaustion

pursuant to § 2637(d) may be waived.  *See Agro Dutch Industries Ltd. v. United States*,

508 F.3d 1024, 1029 (Fed. Cir. 2007) (citations omitted); *Priority Products*, 793 F.2d at

300; *see also* 28 U.S.C. § 2637(d) (providing for administrative exhaustion "where

appropriate").

Moreover, the Court of Appeals for the Federal Circuit has held that subject matter

jurisdiction over a § 1592 recovery action is not conditioned on whether the complaint

names the same "parties expressly named in the administrative proceedings."  *Priority

Products*, 793 F.2d at 299 (affirming court's subject matter jurisdiction over recovery

action against individual shareholders when the pre-penalty and penalty notices named

only the corporation).  The Federal Circuit explained:

> Section 1592(e)(1) provides that "in any proceeding ... commenced for the
> recovery of any monetary penalty claimed under this section—(1) *all
> issues*, including the amount of the penalty, shall be tried *de novo*"

> (emphasis added). Thus it appears that so long as some "civil penalty
> exists" the Court of International Trade can assume jurisdiction over any
> complaint to recover that penalty, and the issue of who is ultimately
> responsible for payment of the penalty is subject to *de novo* consideration.

*Priority Products*, 793 F.2d at 299.  Contrary to Defendant's arguments, § 1592(b)

administrative proceedings are "claim-processing rules," not "jurisdictional

prescriptions."  *Nitek*, 36 CIT at ____, 844 F. Supp. 2d at 1303-04 (quoting *Reed*

*Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161 (2010)) (discussing the distinction

between statutory preconditions and subject matter jurisdiction; noting that "§1592(b) is

neither clearly labeled jurisdictional nor located in the provision granting the Court

jurisdiction over these penalty claims, [28 U.S.C.] § 1582(1)").  *Cf. Landweer*, 36 CIT at

____, 816 F. Supp. 2d at 1372 (jurisdiction is not conditioned on CBP perfecting penalty

proceedings pursuant 19 U.S.C. § 1641).  Accordingly, the Court exercises jurisdiction

pursuant to 28 U.S.C. § 1582(1).

As to the merits of Defendant's exhaustion argument, CBP's failure to name

Lorza in the administrative proceedings need not "constitute a failure to exhaust

administrative proceedings."  *Priority Products*, 793 F.2d at 300 (noting under similar

circumstances that, if it did, "the trial court would have been amply justified in excusing

the Government's failure").[10]  Assuming, *arguendo*, that it did, "[w]aiver is appropriate

---

[10] This court has stated that "[t]he fact that Customs previously named only [the
corporation and not the individuals at the administrative stage] [] does not constitute a
failure to exhaust all administrative remedies."  *United States v. KAB Trade Co.*, 21 CIT
297, 302 (1997) (citing *Priority Products*, 793 F.2d at 299).  The section of *Priority
Products* cited, however, discusses whether § 1592 conditions subject matter
jurisdiction on the filing of suits only against parties expressly named at the
administrative level.  Later in the opinion, the Federal Circuit declines to decide whether

when a procedural defect at the administrative level amounts to harmless error because the defendant has in fact had a reasonable opportunity to be heard." *KAB Trade*, 21 CIT at 302 (citing *United States v. Obron Atlantic Corp.*, 18 CIT 771, 774-76, 862 F. Supp. 378, 382-83 (1994); *United States v. Jac Natori Co., Ltd.*, 17 CIT 348, 349-50, 821 F. Supp. 1514, 1516 (1993)).  The Court thus turns to Defendant's due process argument.

Lorza contends he was denied due process because he "never received a penalty notice" and, thus, never had an opportunity to present his objections.  Def.'s Mot. at 5.  Due process requires actual or constructive notice and an opportunity to be heard.  *See, e.g.*, *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985); *Priority Products*, 793 F.2d at 300-01; *KAB Trade*, 21 CIT at 300.  A party may have constructive notice when he "was or should have been aware that under certain circumstances [he] could be held accountable" for the corporation's liability.  *Priority Products*, 793 F.2d at 301 (finding constructive notice on the narrow facts of that case when the defendant was one of three corporate officers and made "important decisions regarding the attempted importation").

Record evidence shows that Lorza had constructive--if not actual--notice of the administrative proceedings and the potential for his personal liability.  Section 1592 liability is not limited to the importer of record.  *See* 19 U.S.C. § 1592(a) (applicable to "person[]s" generally); *see also United States v. Trek Leather, Inc.*, 767 F.3d 1288,

---

the failure to individually notify a subsequent defendant represented a failure to exhaust administrative remedies.  *See Priority Products*, 793 F.2d at 300.

1297-98 (Fed. Cir. 2014) (sole shareholder of importer-of-record corporation liable when

he engaged in conduct proscribed by § 1592(a)(1)).

Here, Lorza was the Managing Member and President/CEO of ITS, the importer

of record, and was personally involved in introducing the misclassified sugar into the

stream of commerce. Customs sent the pre-penalty notice, Feb. 2011 Penalty Notice,

and Apr. 2011 Payment Demand to addresses maintained by Lorza, who, as early as

August 2007, was aware of the misclassification. In April 2011, Lorza contacted CBP

about the misclassified entries, and confirmed his receipt of the Feb. 2011 Penalty

Notice and April 2011 Payment Demand via email. Lorza recognized that the

misclassified entries involved sugar "we" had imported, and assumed responsibility for

reviewing the file. In March 2012, Lorza again received a copy of the Feb. 2011 Penalty

Notice; the cover letter appended to the notice informed Lorza that he was jointly and

severally liable for the penalty. *See supra* pp. 2-5. Accordingly, at the very least, Lorza

"should have been aware" of the potential for personal liability. *See Priority Products*,

793 F.2d at 301; *KAB Trade*, 21 CIT at 300 (corporate officer had actual and

constructive notice when Customs addressed correspondence to her).

In addition to notice, Lorza had an opportunity to be heard. The pre-penalty

notice gave Lorza thirty days to object to the imposition of a penalty. *See* Pl.'s Ex. A at

CBP000174; *see also* 19 C.F.R. § 162.78(a) (recipient of pre-penalty notice generally

has thirty days to "make a written and oral presentation"). The Feb. 2011 Penalty

Notice gave Lorza sixty days from the date of the notice to request remission or

mitigation pursuant to 19 U.S.C. § 1618. *See* Pl.'s Ex. A at CBP000157. Lorza failed to

act within that timeframe, nor did he file a petition for relief after he received the Feb.

2011 Penalty Notice by email on April 26, 2011, or by mail in March 2012.  Additionally,

over two years elapsed from the time CBP issued the pre-penalty notice to the filing of

this suit, providing Lorza "ample opportunity to participate at the administrative level."

*KAB Trade*, 21 CIT at 301 (defendant had an opportunity to be heard when more than

two years passed between the issuance of the pre-penalty notice and the beginning of

the recovery action).

     In sum, because Lorza had notice and an opportunity to be heard, his due

process argument lacks merit.[11]  Accordingly, any failure by CBP to exhaust

administrative remedies by not expressly naming Lorza during the administrative

proceedings "amounts to harmless error" meriting waiver of the exhaustion requirement.

*KAB Trade*, 21 CIT at 302; *see also Priority Products*, 793 F.2d at 300 (failure to provide

notice and opportunity at the administrative level is "subject to harmless error analysis"

and is "waivable"; moreover, "trial court would have been amply justified in excusing the

failure").[12]  Furthermore, "[e]ven if [] personal jurisdiction were a prerequisite at the pre-

---

[11] Because the Court concludes that Lorza received administrative due process, it need not consider whether opportunity for trial *de novo* accords him all the requisite due process pursuant to *Nickey v. Mississippi*, 292 U.S. 393, 396 (1934).  *See Priority Products*, 793 F.2d at 300 (declining to address *Nickey*); *KAB Trade*, 21 CIT at 302 (same); *United States v. Modes, Inc.*, 13 CIT 780, 786 n.3, 723 F. Supp. 811, 815 n.3 (1989) (same).

[12] The Court notes that the United States filed this action on May 17, 2012, one day before the expiration of the applicable five-year statute of limitations.  *See* 19 U.S.C. § 1621(1) (suits alleging §1592 violations must generally be brought within five years from the date of the alleged violation); Compl. ¶ 5 (alleging the first violation occurred on May 18, 2007).  Because Defendants did not submit a waiver of the statute of limitations, *see* Def.'s Mot. at 2, Plaintiff had "no choice but to institute suit," further

penalty notice stage, constructive notice would suffice or could be waived." *Priority*

*Products*. 793 F.2d at 300.  Thus, for the same reasons, any lack of personal jurisdiction

over Lorza during the administrative proceedings does not bar this action.[13]

> B.  Sufficiency of the Complaint

Lorza contends that the Court should dismiss the action against him because the

complaint lacks "factual allegations that CBP perfected its penalty proceedings against

[him]."  Def.'s Mot. at 5-6.  The United States contends that Defendant's motion is

properly characterized as a motion for judgment on the pleadings.  The United States

further argues that the complaint adequately alleges Lorza's negligence, there is no law

requiring the pleading of administrative exhaustion, and, in any event, the complaint

sufficiently alleged exhaustion.  Pl.'s Resp. at 15.

Pursuant to USCIT Rules, a motion to dismiss for failure to state a claim must be

filed before a responsive pleading.  USCIT Rule 12(b).  When, as here, an Answer has

been filed, the movant may seek judgment on the pleadings.  *See* USCIT Rule 12(c);

Ans.  Accordingly, the Court will construe Defendant's motion as one made pursuant

Rule 12(c).  "A Rule 12(c) motion is reviewed under the same standard as a motion to

---

meriting the waiver of "any ostensible failure by Customs to exhaust its administrative remedies."  *Modes*, 13 CIT at 786, 723 F. Supp. at 816 .
[13] Because Defendant's jurisdictional arguments are readily resolved on their merits, the Court declines to reach Plaintiff's arguments regarding timeliness, and whether Defendant has waived his jurisdictional arguments or properly preserved them in his Answer.  *See* Pl.'s Resp. at 5-6; Def.'s Mot. at 3; USCIT Rule 12(h) (governing waiving and preserving defenses).

dismiss under Rule 12(b)(6*)." United States v. American Cas. Co. of Reading Pennsylvania*, 39 CIT ____, ____, 91 F. Supp. 3d 1324, 1327 (2015) (citation omitted).

Section 1592 provides, *inter alia*, that no person, (1) "by fraud, gross negligence, or negligence," (2) "may enter, introduce, or attempt to enter or introduce any merchandise into the commerce of the United States" (3) "by means of [] any document or electronically transmitted data or information, written or oral statement, or act which is material and false," or by "any omission which is material."  19 U.S.C. § 1592(a)(1); *Rotek*, 22 CIT at 513.

Here, the complaint alleges that Lorza negligently made eight entries of merchandise by means of material false statements or omissions.  *See generally* Compl.  Nothing more is required.  *See Rotek*, 22 CIT at 513.  *Cf. United States v. Tip Top Pants, Inc.*, 34 CIT 17, 37 (2010) (*sua sponte* dismissing individual from § 1592 recovery action when complaint merely alleged his status as a corporate officer and omitted factual allegations of wrongdoing).  Defendant's unsupported contention that he should be dismissed from this suit because the complaint lacks factual allegations about CBP's perfection of administrative proceedings against him lacks merit.  As the Federal Circuit has observed, "the issue of who is ultimately responsible for payment of the penalty is subject to *de novo* consideration" by the CIT.  *Priority Products*, 793 F.2d at 299.  Lorza's motion will be denied.

### Conclusion and Order

Upon consideration of Defendant's Motion to Dismiss Pursuant to USCIT Rules 12(b)(1) and 12(b)(6), ECF No. 46, and the response thereto, ECF No. 49, and upon due deliberation, it is hereby

**ORDERED** that Defendant Julio Lorza's Motion to Dismiss Pursuant to USCIT Rules 12(b)(1) and 12(b)(6), is **DENIED**.

Parties are advised that the Scheduling Order, as amended (ECF Nos. 19, 21, 23, and 41), and all dates established therein, remain in effect.

/s/      Mark A. Barnett____
Mark A. Barnett, Judge

Dated: December 2, 2016
        New York, New York